**JOHN SCALISE, Plaintiff**

**v.**

**DAVID D. GORNIAK and WILLIAM SELLERS, JR., Defendants**

High Court of American Samoa
Trial Division

CA No. 133-93

June 5, 1994

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Michael H. Crew and Marshall L. Ashley

Order on Motion for Default Judgment:

Plaintiff filed his complaint for an overdue debt and pre- and post-judgment interest on December 6, 1993. On December 30, 1993, this court granted defendant Sellers' motion for enlargement of time to file his answer. However, neither defendant has filed an answer. On March 22, 1994, plaintiff filed his motion for default judgment under T.C.R.C.P. 55. On April 22, 1994, a hearing on the default-judgment motion was held. Plaintiff has submitted a "Settlement Agreement" as evidence of defendants' indebtedness and their agreement to make regular payments. The underlying liability recounted in the agreement relates to a purchase of certain equipment by Gorniak from Scalise. The agreement further recites that Sellers subsequently purchased the equipment from Gorniak and assumed responsibility for paying off Scalise. Sellers apparently failed to pay Scalise; however, the "Settlement Agreement" resulted. This suit has arisen on that agreement.

We note from the file that while the complaint and summons was personally served upon Sellers, service upon Gorniak was effected through Sellers as the former's contractually designated agent--the agreement provides, among other things, that Gorniak designates Sellers as his agent for service of process. We note *in personam* jurisdiction not only over Sellers but also over Gorniak. The contractual appointment of an agent for service of process is proper. T.C.R.C.P. 4(d)(1); *National Equipment Rental v. Szukhent*, 375 U.S. 311 (1964).

 Before a default judgment may be entered, a court must scrutinize the evidence itself. *See, e.g., Samoa Products, Inc. v. A`asa*, 17 A.S.R.2d 66, 67 (Trial Div. 1990) ("clerk's defaults" abolished in 1986). Furthermore, a default judgment may not be entered merely on the basis of an attorney's affidavit. Rather, at the default hearing the court may examine evidence of the indebtedness, such as bank ledgers. *Bank of Hawaii v. Ieremia*, 8 A.S.R.2d 177, 181 (Trial Div. 1988). In short, "[e]vidence of amount of debt, presented in support of motion for default judgment . . ., should consist not of [a] conclusory affidavit by attorney, but of bank ledgers and other direct evidence from which [a] court can conclude for itself whether the amount has been correctly calculated." *Id.* at 177-78 (syllabus).

Plaintiff has, as previously noted, presented the "Settlement Agreement" as evidence of indebtedness and the defendants' agreement to make regular

86

payments. He has also submitted a ledger showing defendants' payments to plaintiff's counsel under the "Settlement Agreement." Plaintiff also requests $480 in legal. fees "for negotiating and drafting" the Settlement Agreement, in addition to collection costs.

On the foregoing, plaintiff's motion for default judgment is granted as follows: Plaintiff shall have judgment in the amount of $ 7,302.91 together with interest accruing thereon at the contract rate of 15% per annum from December 1, 1993, to the date of entry of judgment. Reasonable attorneys fees and costs of collection are allowed (a statement of fees and costs shall be filed with the Clerk of Courts for approval by the Court) together with legal fees in the amount of $480.00 incurred by plaintiff in connection with negotiating and preparing the Settlement Agreement. Judgment shall attract interest at the rate of 15% per annum until satisfied.

It is so ordered.